Judge Lasnik

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR20-192RSL |
| Plaintiff, | |
| v. | **PLEA AGREEMENT** |
| LEANDRE GAINES, | |
| Defendant. | |

The United States of America, by and through Tessa M. Gorman, Acting United States Attorney for the Western District of Washington, and Ye-Ting Woo, Assistant United States Attorney for said District, Defendant Leandre Gaines, and Defendant's attorney, Jesse Cantor, enter into the following Agreement, pursuant to Federal Rule of Criminal Procedure Rule 11.

1.     **The Charge**. Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enters a plea of guilty to Count 1 of the Indictment: Felon in Possession of Firearm, in violation of Title 18, United States Code, Section 922(g).

By entering a plea of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that before entering any guilty

Plea Agreement - 1
*United States v. Leandre Gaines*, CR20-192RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

plea, Defendant will be placed under oath. Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

2. **Elements of the Offense**. The elements of the offense of Felon in Possession of Firearm, in violation of Title 18, United States Code, Section 922(g), as charged in Count 1 of the Indictment, to which Defendant is pleading guilty are as follows:

> First, defendant knowingly possessed a firearm;
>
> Second, the firearm had been shipped and transported in interstate and foreign commerce;
>
> Third, the defendant knew at the time that he possessed the firearm that he had been convicted of one or more crimes punishable by imprisonment for a term exceeding one year.

3. **The Penalties**. Defendant understands that the statutory penalties applicable to the offense of Felon in Possession of Firearm, as charged in Count 1, to which Defendant is pleading guilty are as follows: A maximum term of imprisonment of up to ten years, a fine of up to $250,000.00, a period of supervision following release from prison of up to three years, and a mandatory special assessment of $100.00. If a probationary sentence is imposed, the probation period can be for up to five (5) years.

Defendant understands that supervised release is a period of time following imprisonment during which Defendant will be subject to certain restrictive conditions and requirements. Defendant further understands that, if supervised release is imposed and Defendant violates one or more of the conditions or requirements, Defendant could be returned to prison for all or part of the term of supervised release that was originally imposed. This could result in Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

Defendant understands that as a part of any sentence, in addition to any term of imprisonment and/or fine that is imposed, the Court may order Defendant to pay restitution to any victim of the offense, as required by law.

Plea Agreement - 2
*United States v. Leandre Gaines*, CR20-192RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Defendant further understands that the consequences of pleading guilty may include the forfeiture of certain property, either as a part of the sentence imposed by the Court, or as a result of civil judicial or administrative process.

Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs, or restitution, is due and payable immediately and further agrees to submit a completed Financial Statement of Debtor form as requested by the United States Attorney's Office.

Defendant understands that, if pleading guilty to a felony drug offense, Defendant will become ineligible for certain food stamp and Social Security benefits as directed by Title 21, United States Code, Section 862a.

4. **Immigration Consequences**. Defendant recognizes that pleading guilty may have consequences with respect to Defendant's immigration status if Defendant is not a citizen of the United States. Under federal law, a broad range of crimes are grounds for removal, and some offenses make removal from the United States presumptively mandatory. Removal and other immigration consequences are the subject of a separate proceeding, and Defendant understands that no one, including Defendant's attorney and the Court, can predict with certainty the effect of a guilty plea on immigration status. Defendant nevertheless affirms that Defendant wants to plead guilty regardless of any immigration consequences that Defendant's guilty plea may entail, even if the consequence is Defendant's mandatory removal from the United States.

5. **Rights Waived by Pleading Guilty.** Defendant understands that by pleading guilty, Defendant knowingly and voluntarily waives the following rights:

   a.  The right to plead not guilty and to persist in a plea of not guilty;

   b.  The right to a speedy and public trial before a jury of Defendant's peers;

   c.  The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for Defendant;

Plea Agreement - 3
*United States v. Leandre Gaines*, CR20-192RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

    d. The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;

    e. The right to confront and cross-examine witnesses against Defendant at trial;

    f. The right to compel or subpoena witnesses to appear on Defendant's behalf at trial;

    g. The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

    h. The right to appeal a finding of guilt or any pretrial rulings.

  6. **United States Sentencing Guidelines**.  Defendant understands and acknowledges that the Court must consider the sentencing range calculated under the United States Sentencing Guidelines and possible departures under the Sentencing Guidelines together with the other factors set forth in Title 18, United States Code, Section 3553(a), including:  (1) the nature and circumstances of the offense; (2) the history and characteristics of Defendant; (3) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of Defendant; (6) the need to provide Defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records.  Accordingly, Defendant understands and acknowledges that:

    a. The Court will determine Defendant's Sentencing Guidelines range at the time of sentencing;

    b. After consideration of the Sentencing Guidelines and the factors in 18 U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

Plea Agreement - 4
*United States v. Leandre Gaines*, CR20-192RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

c. The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Department, or by any stipulations or agreements between the parties in this Plea Agreement; and

d. Defendant may not withdraw a guilty plea solely because of the sentence imposed by the Court.

7. **Ultimate Sentence**.  Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

8. **Statement of Facts**.  The parties agree that the evidence presented at trial would support the following facts beyond a reasonable doubt. Defendant admits Defendant is guilty of the charged offense.

a. On March 1, 2020, Defendant Leandre Gaines possessed a .45 ACP caliber Taurus semi-automatic pistol and used this pistol an assault of another person. Specifically, between 9:30 and 10:00 p.m. on March 1, 2020, Defendant was at a sport bar, Classics, in Renton, Washington. Defendant became involved in a verbal dispute with two bar patrons, J.F. and M.R.. A bar employee was able to intervene and calmed down Defendant, who then stepped outside into the parking lot.

b. Shortly before 11:00 p.m., M.R. was at his vehicle and was driving out of the bar parking lot. Defendant used his .45 ACP caliber pistol and began shooting at the vehicle being driven by M.R. Defendant repeatedly fired at M.R.'s vehicle while it drove onto and along Maple Valley Highway.

c. Defendant then ran to an area behind the bar, climbing over a tall fence, and fell to the ground. Renton police located Defendant laying on the ground, unconscious. With the pistol on the ground near his leg. The pistol had an empty magazine, and the gun's slide was locked back. Gaines had an empty holster clipped to the front of his waistband.  Officers also located eight .45 ACP casings in the parking lot in the area where Defendant was standing while shooting at M.R.'s vehicle.

Plea Agreement - 5
*United States v. Leandre Gaines*, CR20-192RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

d. Defendant has the following prior felony convictions. Defendant knew, on March 1, 2020, that these prior convictions involved a sentence of a term of more than one year.

    (i) Felon in Possession of Firearm, United States District Court, Western District of Washington, Case Number CR16-211RSL, on June 16, 2017;

    (ii) Tampering with a Witness, King County Superior Court, Case Number 10-1-03190-8, on or about June 4, 2010;

e. The firearm possessed by Defendant, .45 ACP caliber Taurus semi-automatic pistol, traveled in interstate commerce, to the State of Washington.

The parties agree that the Court may consider additional facts contained in the Presentence Report (subject to standard objections by the parties) and/or that may be presented by the United States or Defendant at the time of sentencing, and that the factual statement contained herein is not intended to limit the facts that the parties may present to the Court at the time of sentencing.

9. **Sentencing Factors**. The parties agree that the following Sentencing Guidelines provisions apply to this case:

    a. Base offense level 14, pursuant to Section 2K2.1(a)(6)(A); and,

    b. Use of firearm in connection with another felony offense, four-level upward adjustment, pursuant to Section 2K2.1(b)(6)(B).

The parties agree they are free to present arguments regarding the applicability of all other provisions of the United States Sentencing Guidelines. Defendant understands, however, that at the time of sentencing, the Court is free to reject these stipulated adjustments, and is further free to apply additional downward or upward adjustments in determining Defendant's Sentencing Guidelines range.

10. **Acceptance of Responsibility.** At sentencing, *if* the Court concludes Defendant qualifies for a downward adjustment acceptance for acceptance of responsibility pursuant to USSG § 3E1.1(a) and Defendant's offense level is 16 or

Plea Agreement - 6
*United States v. Leandre Gaines*, CR20-192RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

greater, the United States will make the motion necessary to permit the Court to decrease the total offense level by three (3) levels pursuant to USSG §§ 3E1.1(a) and (b), because Defendant has assisted the United States by timely notifying the United States of Defendant's intention to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

11. **Government's Sentencing Recommendation Regarding Imprisonment.** The United States agrees to recommend a sentence of imprisonment within the advisory guideline range as determined by the Court. Defendant understands that this recommendation is not binding on the Court, and that the Court may reject the recommendation of the parties and may impose any term of imprisonment up to the statutory maximum penalty authorized by law. Defendant further understands that Defendant cannot withdraw a guilty plea simply because of the sentence imposed by the Court. Except as otherwise provided in this Plea Agreement, the parties are free to present arguments regarding any other aspect of sentencing.

12. **Supervised Release Violation, CR16-0021RSL.**

Defendant admits that he violated his conditions of supervised release in Case Number CR16-0021RSL, as follows:

<u>Violation Number 1</u>: Committing the crime of assault, second degree, on or about March 1, 2020, in violation of a mandatory condition of supervision; and,

<u>Violation Number 2</u>: Committing the crime of unlawful possession of firearm, on or about March 1, 2020, in violation of a mandatory condition of supervision.

13. **Concurrent Sentencing Recommendation.**

a. *United States v. Leandre Antoine Gaines*, CR16-0021RSL.

The United States agrees to recommend that the sentence imposed in the supervised release violation matter, Case Number CR16-0021RLS, run concurrent with the sentence imposed in this federal case and concurrent with the sentence imposed in King County Superior Court Cause Number 20-1-01256-KNT.

Plea Agreement - 7
*United States v. Leandre Gaines*, CR20-192RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

    b. *State of Washington v. Leandre A. Gaines*, King County Superior Court Cause Number 20-1-01256-KNT.

  Defendant is charged with Assault in the Second Degree and Unlawful Possession of Firearm in Cause Number 20-1-01256-KNT. The United States agrees to recommend that the sentence imposed in this federal case run concurrent to the sentence imposed in the King County prosecution.

  Further, the King County Prosecuting Attorney's Office has agreed to dismiss the charge of unlawful possession of firearm promptly after this Court imposes sentence in this federal case.

  Finally, the government agrees to coordinate a writ with the King County Prosecutor so that Mr. Gaines can be sentenced in King County Superior Court before being classified and designated by the Bureau of Prisons.

  14. **Forfeiture**. The Defendant understands that the forfeiture of property is part of the sentence that must be imposed in this case. The Defendant agrees to forfeit to the United States immediately his right, title, and interest in any firearms and associated ammunition involved in his commission of Felon in Possession of Firearm. All such firearms and associated ammunition are forfeitable pursuant to Title 18, United States Code, Section 924(d), by way of Title 28, United States Code, Section 2461(c).

  The Defendant agrees to fully assist the United States in the forfeiture of the above-described property and to take whatever steps are necessary to pass clear title to the United States, including but not limited to: surrendering title and executing any documents necessary to effect forfeiture; assisting in bringing any assets located outside the United States within the jurisdiction of the United States; and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture. The Defendant agrees not to file a claim to any of the above-described property in any federal forfeiture proceeding, administrative or judicial, which may be or has been initiated.

  The United States reserves its right to proceed against any firearms and associated

Plea Agreement - 8
*United States v. Leandre Gaines*, CR20-192RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

ammunition not identified above if they were involved in the Defendant's commission of Felon in Possession of Firearm.

15. **Abandonment of Contraband**. Defendant also agrees that, if any federal law enforcement agency seized any illegal contraband that was in Defendant's direct or indirect control, Defendant consents to the federal administrative disposition, official use, and/or destruction of that contraband.

16. **Non-Prosecution of Additional Offenses**. As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees not to prosecute Defendant for any additional offenses known to it as of the time of this Plea Agreement based upon evidence in its possession at this time, and that arise out of the conduct giving rise to this investigation. In this regard, Defendant recognizes the United States has agreed not to prosecute all of the criminal charges the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this Plea Agreement. Defendant agrees, however, that for purposes of preparing the Presentence Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all conduct committed by Defendant.

Defendant agrees that any charges to be dismissed before or at the time of sentencing were substantially justified in light of the evidence available to the United States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant with a basis for any future claims under the "Hyde Amendment," Pub. L. No. 105-119 (1997).

17. **Breach, Waiver, and Post-Plea Conduct.** Defendant agrees that, if Defendant breaches this Plea Agreement, the United States may withdraw from this Plea Agreement and Defendant may be prosecuted for all offenses for which the United States has evidence. Defendant agrees not to oppose any steps taken by the United States to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea Agreement. Defendant also agrees that, if Defendant is in breach of this Plea Agreement,

Defendant has waived any objection to the re-institution of any charges that previously were dismissed or any additional charges that had not been prosecuted.

Defendant further understands that if, after the date of this Agreement, Defendant should engage in illegal conduct, or conduct that violates any conditions of release or the conditions of confinement (examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer, or Court), the United States is free under this Plea Agreement to file additional charges against Defendant or to seek a sentence that takes such conduct into consideration by requesting the Court to apply additional adjustments or enhancements in its Sentencing Guidelines calculations in order to increase the applicable advisory Guidelines range, and/or by seeking an upward departure or variance from the calculated advisory Guidelines range. Under these circumstances, the United States is free to seek such adjustments, enhancements, departures, and/or variances even if otherwise precluded by the terms of the Plea Agreement.

18. **Waiver of Appellate Rights and Rights to Collateral Attacks.** Defendant acknowledges that, by entering the guilty plea(s) required by this plea agreement, Defendant waives all rights to appeal from Defendant's conviction, and any pretrial rulings of the Court, and any rulings of the Court made prior to entry of the judgment of conviction. Defendant further agrees that, provided the Court imposes a custodial sentence that is within or below the Sentencing Guidelines range (or the statutory mandatory minimum, if greater than the Guidelines range) as determined by the Court at the time of sentencing, Defendant waives to the full extent of the law:

a. Any right conferred by Title 18, United States Code, Section 3742, to challenge, on direct appeal, the sentence imposed by the Court, including any fine, restitution order, probation or supervised release conditions, or forfeiture order (if applicable); and

Plea Agreement - 10
*United States v. Leandre Gaines*, CR20-192RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

b. Any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation; and

This waiver does not preclude Defendant from bringing an appropriate motion pursuant to 28 U.S.C. § 2241, to address the conditions of Defendant's confinement or the decisions of the Bureau of Prisons regarding the execution of Defendant's sentence.

If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to effectiveness of legal representation) the conviction or sentence in any way, the United States may prosecute Defendant for any counts, including those with mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement.

19. **Voluntariness of Plea**. Defendant agrees that Defendant has entered into this Plea Agreement freely and voluntarily, and that no threats or promises were made to induce Defendant to enter a plea of guilty other than the promises contained in this Plea Agreement or set forth on the record at the change of plea hearing in this matter.

20. **Statute of Limitations**. In the event this Plea Agreement is not accepted by the Court for any reason, or Defendant breaches any of the terms of this Plea Agreement, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to: (1) thirty (30) days following the date of non-acceptance of the Plea Agreement by the Court; or (2) thirty (30) days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office.

21. **Completeness of Agreement**. The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties, except as may be set forth on the record at the change of plea hearing in this matter. This Agreement binds only the United States Attorney's Office for the Western District of

Plea Agreement - 11
*United States v. Leandre Gaines*, CR20-192RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Washington. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Dated this 9th day of June, 2021.

*s/ Leandre Gaines*
LEANDRE GAINES
Defendant


*s/ Jesse Cantor*
JESSE CANTOR
Attorney for Defendant


*s/Todd Greenberg*
TODD GREENBERG
Assistant United States Attorney


*s/Ye-Ting Woo*
YE-TING WOO
Assistant United States Attorney

Plea Agreement - 12
*United States v. Leandre Gaines*, CR20-192RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970