The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LEANDRE GAINES,<br><br>Defendant. | NO. CR20-192 RSL<br><br>GOVERNMENT'S SENTENCING MEMORANDUM |

The United States of America, by and through Tessa M. Gorman, Acting United States Attorney for the Western District of Washington, and Cecelia Y. Gregson, Assistant United States Attorney for said District, respectfully submits this Sentencing Memorandum in the above-captioned case.

Defendant, Leandre Gaines, is before the Court for sentencing following his plea of guilty to Count 1, Unlawful Possession of a Firearm, in violation of Title 18 United States Code § 922(g). Sentencing is scheduled for September 2, 2021, at 10:00 a.m.

For the reasons that follow, the Court should sentence the defendant to forty-six months of imprisonment to run concurrently to the supervised release violations in CR16-0211 and concurrently to King County Superior Court Cause No. 20-1-01256-1KNT, followed by three years of supervised release, and a $100 special assessment.

//

//

GOVERNMENT'S SENTENCING MEMORANDUM - 1
*U.S. v. Gaines* / CR20-192 RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

## I.     FACTUAL BACKGROUND

On March 1, 2020, the defendant was involved in a verbal argument with two patrons, J.F. and M.R., at Classics Sports Bar located in Renton, Washington. A bar employee was able to intervene and calmed the defendant down. The defendant remained in the bar parking lot for approximately 20 to 30 minutes. PSR ¶ 9.

Shortly before 11:00 p.m., M.R. was in his vehicle driving out of the bar parking lot. The defendant used a .45 ACP caliber Taurus semi-automatic pistol to repeatedly shoot at the vehicle being driven by M.R. along Maple Valley Highway. Witnesses and video revealed the defendant running across the parking lot firing several shots from a pistol at M.R.'s vehicle. The vehicle was struck three times by gunfire. PSR ¶ 10.

Officers with the Renton Police Department responded to the scene and discovered the defendant unconscious near the scene with the pistol and holster near him. The pistol had the slide locked to the rear indicating the gun was empty as the magazine was still in the pistol. The defendant had an empty holster clipped to the front of his waistband. Officers speculate that the defendant fell after trying to climb over a tall fence and subsequently hit his head. Officers recovered eight .45 shell casings as well as bullet fragments. PSR ¶ 11.

The defendant is facing an Assault in the Second Degree felony charge related to the assault of M.R. in King County Superior Court Case No. 20-1-01256-1 KNT. That matter is being prosecuted by DPA Phillips, who engaged in global plea negotiations on this matter. *See* PSR ¶ 12; Agreement to Transfer Primary Jurisdiction.

Notably, the defendant was sentenced to twenty-seven months imprisonment and three years of supervised release by this Court in June 2017 for unlawful possession of a firearm. *See* CR16-0211. On November 11, 2020, the Grand Jury indicted the defendant on one count of Unlawful Possession of a Firearm in violation of 18 USC § 922(g). Dkt. 1. On June 9, 2021, the defendant entered a guilty plea. Dkt. 25.

## II.     GUIDELINES CALCULATIONS

The parties agree to a calculation of the offense level as follows:

| | | |
|---|---|---|
| Base Offense Level | 14 | USSG § 2K2.1(a)(6)(A) |

GOVERNMENT'S SENTENCING MEMORANDUM - 2
*U.S. v. Gaines /* CR20-192 RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

| | | |
|---|---|---|
| Use of firearm in connection with a felony | +4 | USSG § 2K2.1(b)(6)(B) |
| Total | 18 | |

The defendant accepted responsibility for the offenses and pursuant to USSG § 3E1.1(a) the offense level should be decreased by 3-levels, resulting in a total offense level of 15. The defendant has a Criminal History Category score of eight due to prior convictions and committed the instant offense while under supervision for CR16-0211 resulting in an additional two points pursuant to USSG § 4A1.1(d) bringing the total Criminal History Category score to ten points. As such, the defendant has a corresponding Criminal History Category of V resulting in a guideline imprisonment range of 37-46 months imprisonment.

### III.   SENTENCING RECOMMENDATION

Considering the factors set forth in 18 U.S.C. § 3553(a), the government concurs with the recommendation of U.S. Probation and recommends that the Court impose a sentence of forty-six months imprisonment to run concurrently with supervised release violation sanctions imposed under CR16-0211 and King County Superior Court No. 20-1-01256-1 KNT.[1] The government recommends imposition of a three year term of supervised release and a special assessment of $100.

**A.   Term of Imprisonment**

    **1.   The Nature and Circumstances of the Offense**

The defendant has been cycling through the criminal justice system since the age of twelve. PSR ¶ 26. His criminal history spans nearly three decades. At the time of this offense, the defendant had absconded while on federal supervision. Sentencing Recommendation at page 4. The last time the defendant was before this Court for sentencing was in June 2017, when twenty-seven months of imprisonment was imposed for committing the exact same crime.

---

[1] King County DPA Phillips agrees to dismiss the pending count of Unlawful Possession of a Firearm in exchange for a plea to Assault in the Second Degree to run concurrently with the defendant's federal matters. Additionally, the parties have prepared an Agreement to Transfer Primary Jurisdiction transferring primary jurisdiction from the Bureau of Prisons to the Washington State Department of Corrections following sentencing in both jurisdictions.

GOVERNMENT'S SENTENCING MEMORANDUM - 3
*U.S. v. Gaines* / CR20-192 RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

During the instant offense, the defendant fired his weapon repeatedly in public in his attempts to strike M.R. It is pure luck that M.R. was not injured or killed and that no other innocent bystanders fell victim to the defendant's total disregard for human life.  The government agrees with U.S. Probation that the nature of the instant offense coupled with the defendant's criminal history demonstrates his propensity for violence. Once again, substances (here alcohol) undoubtedly compromised the defendant's judgment.  The defendant's repeated decisions to illegally possess firearms and use them against others who upset or anger him provide prime examples of how illegal gun possession harms our community and poses a serious danger to all.

In order for the defendant to find some measure of success in the community, he must address underlying mental health and substance abuse issues.  It appears no prior terms of imprisonment have served to deter his propensity to commit crime.  From this history, one can only be left with the conclusion that the defendant is unable or unwilling to reform.  A sentence of forty-six months imprisonment provides a reasonable punishment for the defendant's substantial misconduct and serves to protect the community.

### 2. The History and Characteristics of the Defendant

It is undisputed that the defendant experienced significant childhood trauma which undoubtedly impacted his ability to successfully navigate through society.  It is evident that his childhood experiences impacted his behavioral and cognitive functioning and resulted in severe behavioral problems, childhood hospitalizations, and incarcerations - the most concerning of which involved the sexual assaults of other children.  The defendant's conduct resulted in several lengthy periods of incarceration as a juvenile.  From there, the defendant graduated to committed adult felonies to include failure to register as a sex offender.

It is also undisputed that the defendant has a significant history of non-compliance while under prior terms of supervision. A review of his criminal history provides evidence of repeated failures to appear for hearings and repeated violations of supervision to include twenty-four violations during a 2009 Failure to Register community custody period.  *See* PSR ¶¶ 35, 36, 41, 44, 46. As noted, the defendant was supervised by U.S. Probation during

GOVERNMENT'S SENTENCING MEMORANDUM - 4
*U.S. v. Gaines /* CR20-192 RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

the period of time he committed the instant offense and is subject to violation of supervision allegations related thereto under CR16-0211.

Dr. Breen's diagnosis of the defendant appears to be accurate and well supported by the defendant's history and interaction with the criminal justice system.  The government concurs with U.S. Probation, that until and unless the defendant addresses his mental health and substance abuse issues he will simply continue through the revolving door of prison.

### 3. Promoting Respect for the Law, Providing Just Punishment, and Affording Adequate Deterrence to Criminal Conduct and Avoiding Unwarranted Sentencing Disparity

The defendant is forty years old and has faced twenty-one prosecutions.  At this point in time, the government must place community safety above all else. Sentencing the defendant to forty-six months of imprisonment concurrent with CR16-0211 and King County Superior Court Case No. 201-01256-1 KNT is warranted based upon the facts of this case and with thoughtful consideration given to the defendant's mitigating personal characteristics and extensive criminal history.

## B.   Waiver of Appeal

As part of the plea agreement, the defendant has waived his right to appeal the sentence imposed in this case if the sentence does not exceed the applicable Guidelines range determined by the Court at the time of sentencing.  If the Court imposes a sentence within this applicable Guidelines range or less, the government respectfully requests that the Court notify Defendant, pursuant to Federal Rule of Criminal Procedure 32(j)(1)(B), that he has waived his appeal rights except as to the effectiveness of legal representation.  Otherwise, the government requests that the Court notify Defendant of his right to appeal the sentence as set forth in Title 18, United States Code, Section 3742.

//
//
//

GOVERNMENT'S SENTENCING MEMORANDUM - 5
*U.S. v. Gaines /* CR20-192 RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

## IV.   CONCLUSION

The government therefore respectfully recommends the Court impose a sentence of forty-six months of imprisonment to run concurrently with any supervised release violation sanctions imposed under CR16-0211 and King County Superior Court No. 20-1-01256-1 KNT. The government further recommends imposition of a three year term of supervised release and a special assessment of $100. This sentence takes into consideration the aggravating factors associated with the defendant's misconduct, his acceptance of responsibility, and the need for the sentence to provide just punishment and promote respect for the law.

DATED this 26th day of August, 2021.

Respectfully submitted,

TESSA M. GORMAN
Acting United States Attorney

*s/ Cecelia Y. Gregson*
CECELIA Y. GREGSON
Assistant United States Attorney
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Telephone: (206) 553-7970
Fax:  (206) 553-0755
Email:  cecelia.gregson@usdoj.gov

GOVERNMENT'S SENTENCING MEMORANDUM - 6
*U.S. v. Gaines* / CR20-192 RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970